## UNION PACIFIC RAILROAD COMPANY *v.* STATE TAX COMMISSION

Randall B. Kester, Portland, Samuel B. Steward, Portland, John R. Hay, Portland, Edward L. Epstein,

Portland, and Rockwood, Davies, Biggs, Strayer & Stoel, Portland, submitted a brief for plaintiffs.

Alfred B. Thomas, Assistant Attorney General, Salem, and Robert Y. Thornton, Attorney General, Salem, submitted briefs for defendant.

Decision for plaintiffs rendered May 8, 1964.

PETER M. GUNNAR, Judge.

These three cases are suits to set aside defendant's opinions and orders assessing additional corporation excise tax against plaintiffs for the years 1955 through 1958 and for refund of such tax paid under protest. To each complaint, defendant demurred generally. Because the demurrers present the same issue, the cases were consolidated for hearing, briefing, and decision. The parties agree that a determination of the demurrers will dispose of each case.

The sole issue is whether plaintiffs must include in their apportionable income subject to allocation in part to Oregon so much of their interest income received from properties having no Oregon situs that the apportionable interest income received will equal the apportionable interest expense deducted.

As common carrier railroads, plaintiffs are centrally assessed for Oregon ad valorem tax purposes under ORS 308.505 to 308.660 and are specially treated under ORS 317.074 for corporation excise tax purposes. When the legislature adopted the corporation excise tax in 1929, it exempted centrally assessed corporations because they then bore a disproportionately large part of the property tax burden. As the need for revenue became grave in the mid-1950's, the legislature began whittling away at favored treatment for these corporations. At the same time it improved

the administration of ad valorem taxation to relieve these corporations from the discrimination which they had suffered in prior years.

In 1955, the legislature levied a corporation excise tax against centrally assessed corporations for the first time. Oregon Laws 1955, ch 592. This act did not impose the same excise tax on centrally assessed corporations as was imposed on mercantile corporations. In addition to a reduced rate of tax, the statute, now ORS 317.074, provided a property tax credit (since repealed), levy of the tax against income determined for federal tax purposes with adjustments and not against income computed under the excise tax act, and elective allocation of apportionable income to Oregon on a mileage formula as an alternative to the allocation formula applicable under ORS 317.180 to corporations generally.

In their tax returns under ORS 317.074 for 1955 through 1958, plaintiffs computed their interest income as follows: They determine their total interest received. From this total, they deducted the amount derived from intangible property neither having a situs in Oregon nor used in operations conducted partly within and partly without Oregon. Then they allocated to Oregon the interest received on investments having an Oregon situs. Finally, using the ORS 317.180 formula as defined in Reg 7.180, they apportioned to Oregon the appropriate part of the interest received from investments used in operations partly within and partly without Oregon.

In support of their allocation procedure, plaintiffs rely on ORS 317.074(3)(d)(A), which reads:

"(d) [From income determined for federal tax purposes] Subtract, under rules and regulations

adopted by the commission, all net income derived from (A) property, other than property having a situs in this state as defined in ORS 308.505, which is not used in operations conducted partly within and partly without this state, * * *."

and ORS 317.074(4), which reads:

"(4) If the net income arrived at in accordance with subsection (3) of this section shall have been derived from business done both within and without the state, such net income shall be allocated as follows:

"(a) All net income from properties in this state which are assessed by the county assessor, and all net income from intangibles having a situs in this state, shall be allocated to this state.

"(b) The remainder of such net income shall be allocated to this state in accordance with ORS 317.180 [the apportionment and segregated income section of the general excise tax law] * * *."

Defendant has no quarrel with plaintiffs' allocation of nonapportionable income. It contends that, after including and excluding the various nonapportionable items, plaintiffs should have added back to the apportionable income so much of the excluded interest income as would cause apportionable interest income received to equal apportionable interest expense deducted. Defendant contends that this should have been done because ORS 317.074(4)(b) adopts Reg 7.180 when it states that:

"(b) The remainder * * * shall be allocated to this state in accordance with ORS 317.180 under rules and regulations adopted by the commission which shall fairly and accurately reflect the net income of the business done within the state * * *."

Prior to 1955 and pursuant to ORS 317.180, defendant promulgated its Reg 7.180. That regulation

required that "Corporations using the apportionment method must include in apportionable income interest received to the extent of the deduction claimed for interest paid." Defendant interpreted this requirement as a part of the scheme of taxation adopted for centrally assessed corporations by ORS 317.074 and additionally assessed against plaintiffs a tax on their interest received to the extent of their apportionable interest expense deducted. The interest thus subjected to tax was earned outside Oregon and would have been allocable to states other than Oregon, but for defendant's application of the foregoing sentence of Reg 7.180.

Defendant erred in its assessment.

Reg 7.180 regulates not only the apportionment of apportionable income but also the determination of that income to be apportioned. The sentence providing for the inclusion of interest received in an amount equal to the interest paid deduction appears in that part of Reg 7.180 defining apportionable income and is so entitled.

In its first three subsections, ORS 317.074 sets out in detail its own procedure for computing the apportionable income of centrally assessed corporations. These subsections adopt neither ORS 317.180 nor defendant's regulations under it. Not until it deals with apportionment of apportionable income to Oregon does the statute incorporate the ORS 317.180 general apportionment procedure. ORS 317.074(4) relies on ORS 317.180 and Reg 7.180 only for determination of Oregon's share of the apportionable income already determined by its first three subsections.

■ When the legislature provided its own definition of net apportionable income in subsections (1) through (3) of ORS 317.074 and did not incorporate ORS

317.180 and Reg 7.180 until paragraph (4)(b) of that section, it intended to confine the application of Reg 7.180 to its apportionment provisions. This is the only reasonably consistent reading of ORS 317.074. The commission promulgated Reg 7.180 with its definition of apportionable income before enactment of ORS 317.074, and the legislature is presumed to have been familiar with it. *Anthony v. Veatch*, 189 Or 462, 220 P2d 493, 221 P2d 575 (1950); *Cabell v. Cottage Grove*, 170 Or 256, 130 P2d 1013, 144 ALR 286 (1942). Some of the items expressly included and excluded from apportionable income by Reg 7.180 are specially treated in ORS 317.074. Had the legislature intended to provide special treatment for interest received in its otherwise complete definition of apportionable income in ORS 317.074, it would have expressly so provided. By providing its own complete definition of apportionable income in ORS 317.074(1) through (3), by not incorporating ORS 317.180 until ORS 317.074(4) dealing with apportionment and not with apportionable income, and by not expressly requiring the inclusion of interest received in apportionable income to the extent of apportionable interest expense deducted, the legislature made clear that it did not intend to include in apportionable income such interest having no tax situs in Oregon.

■ In addition, throughout the first three subsections of ORS 317.074, defendant is directed to provide further definition by rule and regulation. It has not done so. With such plenary authority it cannot now rely upon incorporation of Reg 7.180 in the subsection dealing with apportionment to supply any defect arising from its failure to exercise its regulatory authority granted in the subsections defining apportionable income.

██ In finding defendant in error, this court is fully aware of the weight to be attached to administrative interpretation. *Castle Sawmills, Inc. v. Commission,* 1 OTR 571 (1964). While defendant's construction is entitled to consideration, it is not binding on this court. *Case v. Chambers,* 210 Or 680, 698-9, 314 P2d 256 (1957). Its interpretation in these cases is defendant's initial construction of ORS 317.074 during the first years of the statute's life. These cases attest that it has not gone unchallenged. Defendant's position has not remained operative and unchallenged over an extended period. See *Kern v. Granquist,* 185 F Supp 769 (D. Or 1960). In any event, administrative construction is not so persuasive that it warrants a statute's interpretation in a manner inconsistent with the statute's plain meaning and evident legislative purpose. *Mundt v. Peterson,* 211 Or 293, 297, 315 P2d 589 (1957).

This court's decision that defendant has erred does not extend to whether defendant can accomplish the same result by exercising its extensive but unused powers over the apportionable income definition of ORS 317.074. This issue is not before the court. Any decision about the extent of defendant's powers under its regulatory authority in ORS 317.074(1) through (3) must await the promulgation of such regulation and appropriate litigation.

In each case, plaintiff shall prepare a decree setting aside defendant's additional assessment, refunding any tax paid under protest in compliance with such assessment, and allowing plaintiff its costs and disbursements in accordance with Rule 38.*

---

* Foregoing case appealed. Oregon Supreme Court opinion found in 80 Or Adv Sh 701.