# LOCAL 1724B, AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO, *Appellant, v.* BOARD OF COUNTY COMMISSIONERS OF LANE COUNTY ET AL, *Respondents.*

482 P2d 764

*Berkeley Lent*, Portland, argued the cause for appellant. With him on the briefs was Larry Dawson, Portland.

*Roy E. Adkins*, County Counsel, Eugene, argued the cause for respondents. With him on the brief was John B. Leahy, District Attorney, Eugene.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

This is an appeal from a judgment denying a peremptory writ of mandamus by which petitioner sought to compel respondents to submit a substantiation petition to the State Conciliation Service.

Petitioner contends that the trial court erred (1) in construing Ordinance No. 3-68 of Lane County so as to find that respondents need not submit petitioner's substantiation petition to the State Conciliation Service and (2) in admitting into evidence the names of parties submitted by the respondents as alternatives to the State Conciliation Service and the reasons for the rejection of those parties by petitioner.

On March 20, 1968, the board of county commissioners for Lane County enacted Ordinance No. 3-68, entitled "Rules and Procedures of Employee Representation." Section 5 of the ordinance establishes the procedures an employe organization must follow to secure a representation election. Section 5a provides that the petition requesting the representation election must be substantiated by the voluntary signatures of at least 30 percent of the employes in the alleged appropriate negotiating unit. It states that:

> "* * * [T]he substantiation petition shall be submitted to a third party for examination. The third party may be the State Conciliation Service or some other individual or organization upon which the Board and the employee organization may agree * * *."

The third party examines the substantiation petition to determine whether the valid signatures of the required 30 percent of the employes in the alleged appropriate negotiating unit are on the petition. The third party then notifies the respondents and the employe organization of the results of the examination. If the signatures on the substantiation petition are not validated, there can be no election.

Petitioner is a labor organization which represents, for purposes of collective bargaining, certain Lane County employes. Petitioner submitted a representation petition to the respondent board and prepared a substantiation petition. Respondents submitted to petitioner the names of several alternative third parties. Petitioner rejected all the names submitted by respondents. When respondents refused to accept the State Conciliation Service, petitioner petitioned for a writ of mandamus to compel respondents to submit the substantiation petition to the State Conciliation

Service. The petition for alternative writ was denied by the lower court and petitioner appeals.

The resolution of this case turns upon the interpretation given to that portion of § 5a which we have quoted above. While it is clear that the ordinance makes it mandatory that a third party examine the substantiation petition, the meaning of the following sentence is not clear: "* * * The third party may be the State Conciliation Service or some other individual or organization upon which the Board and the employee organization may agree * * *."

Petitioner urges that the above sentence should be interpreted to mean that the parties may attempt to choose a mutually agreeable third party, but if agreement is impossible, then both parties must submit the petition to the State Conciliation Service.

Respondents contend that the sentence should be interpreted to mean that the third party selected must be agreeable to both parties. It argues that the State Conciliation Service is mentioned merely as an example of the type of organization which the parties might choose.

We agree with petitioner's interpretation. Under the respondents' alternative, the respondents would have the power to prevent any representation election by simply refusing to agree to a third party. The ordinance was adopted to provide a procedure for conducting representation elections. The same rules that govern the construction of statutes are applied when the provisions of an ordinance are in need of interpretation. *Lane County v. Heintz Const. Co. et al*, 228 Or 152, 157, 364 P2d 627 (1961). When a provision of a statute or ordinance is capable of two interpretations, it is the court's duty to interpret that provision

in such a way as to carry out the manifest object of the measure. *Holman Tfr. Co. et al v. Portland et al,* 196 Or 551, 565, 249 P2d 175, 250 P2d 929 (1952).

■ The principle of statutory construction applicable here was stated in *Holman,* at 565, as follows:

> "* * * A statute is to be construed with reference to its manifest object, and, if the language is susceptible of two constructions, one which will carry out and the other defeat such manifest object, it should receive the former construction. 2 Sutherland, Statutory Construction (3d ed), 338, Sec. 4704 * * *."

Further, if necessary to carry out the intention of the legislative body, it is proper to construe the word "may" as meaning "shall." *Dilger v. School District 24CJ,* 222 Or 108, 117, 352 P2d 564 (1960), and cases cited therein, at 117-18. Any interpretation of the provisions of the instant ordinance which would allow one of the parties to thwart the ordinance's purpose would serve to make the ordinance inoperative and would clearly go contrary to the intent of the drafters.

Since our conclusion on the first question presented requires that we reverse the decision of the trial court, we do not reach the remaining questions.

The trial court is directed to issue the writ commanding respondents to submit petitioner's substantiation petition to the State Conciliation Service for examination forthwith, as prayed for in petitioner's petition for alternative writ of mandamus.

Reversed and remanded with instructions.