# TAYLOR, *Respondent*, *v.* MULTNOMAH COUNTY DEPUTY SHERIFF'S RETIREMENT BOARD ET AL, *Appellants.*

502 P2d 601

*Paul G. Mackey,* Deputy County Counsel, Portland, argued the cause for appellants. On the brief were Desmond D. Connall, District Attorney, and William T. Park, Deputy District Attorney, Portland.

*Ronald G. Talney,* Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

THORNTON, J.

This appeal involves the construction and application of an ordinance enacted by the Board of County Commissioners for Multnomah County establishing a special retirement program for some of the personnel of the county's Department of Public Safety (formerly Multnomah County Sheriff's office).

Petitioner, a deputy sheriff who is employed by the department as a corrections officer, brought a mandamus action to compel defendants, who are members of the Multnomah County Deputy Sheriff's Retirement Board, to accept her application for membership in the special retirement program provided by this ordinance.

Defendants demurred on the ground that the alternative writ did not state facts sufficient to constitute a cause for allowing the writ. The trial judge overruled the demurrer and defendants filed an answer alleging that petitioner does not perform any duties as a "sworn law enforcement officer"; that she had previously elected to, and was already covered by, the general retirement system provided for all other county employes; that petitioner was not eligible to membership in the special retirement program created by Ordinance No. 25; and that in any event she was excluded by the terms of a subsequent amendatory ordinance, No. 29, which further defined and limited the term "sworn law enforcement personnel."

After a trial on stipulated facts, the trial judge granted a peremptory writ ordering defendants to admit petitioner to the special retirement program established by Ordinance No. 25. Defendants appeal.

The central question presented for our decision

is: Is petitioner eligible to membership in the special retirement program established by Ordinance No. 25?

Petitioner has been a deputy sheriff since 1956, and has not yet reached retirement age. Her job classification until 1968 was that of jail matron. In that year she was reclassified and designated as corrections officer. At all times petitioner performed her duties under a commission as a deputy sheriff, last having been sworn on January 5, 1967. Throughout her employment petitioner has been a member of the regular existing retirement system for county employes. Salary deductions toward that plan have been made reflecting her job classification under county civil service.

On July 10, 1969, the Board of County Commissioners for Multnomah County enacted Ordinance No. 25 which established a special retirement program for "sworn law enforcement personnel," with benefits superior to those provided by the regular retirement plan applicable to other county employes.

This ordinance defined "sworn law enforcement personnel" as

"* * * such employees of Multnomah County assigned to the Department of Public Safety who perform their duties, under an oath administered to law enforcement personnel * * *."

The ordinance further provided that the new program shall be governed by the defendant Board which

"* * * shall have final authority in determining the eligibility and qualification of County personnel entitled to make contributions and receive benefits under the retirement system for sworn law enforcement personnel of Multnomah County."

Petitioner made timely demand upon defendants

for admission to coverage under the special retirement program as enacted by the above ordinance. The defendant Board refused her application on the ground that she did not perform any duties as a sworn law enforcement officer and was therefore not eligible to participate.

Subsequently the Board of County Commissioners on April 23, 1970, enacted Ordinance No. 29, amending Ordinance No. 25 by further defining and limiting the personnel eligible to coverage under Ordinance No. 25 to those holding a position in one of the following job classifications: (a) Captain, (b) Lieutenant, (c) Sergeant/Detective, (d) Identification Technician, and (e) Deputy Sheriff (Patrolman).

Petitioner's mandamus action was filed on September 2, 1971, approximately 16 months after the enactment of Ordinance No. 29.

The trial judge concluded that the term "sworn law enforcement personnel" should be governed by the definition embodied in Ordinance No. 25, rather than the dictionary definition urged by defendants;[1] that on the effective date of Ordinance No. 25 petitioner was performing duties for the Department of Public Safety under an oath administered to law enforcement personnel, and therefore defendants' rejection of petitioner's demand was erroneous.

---

[1] The following excerpt is from defendants' legal memorandum submitted to the trial court:

"A law enforcement officer * * * [is] one 'whose duty it is to preserve peace.' As such he is akin to a 'Peace Officer'. *Black's Law Dictionary 4th Edition; Frazier v. Elmore* 180 Tenn. 232, 173 SW2d 563, 565. Therefore, such a person is one 'designated by public authority whose duty it is to keep the peace, and arrest persons guilty or suspected of crime.' *Restatement of Tort*, Sec. 114 * * *."

We now turn to the problem of construing Ordinance No. 25.

The gist of defendants' contention is that the intent of the Board of County Commissioners in enacting Ordinance No. 25 was that the benefits provided thereunder were to be confined to sworn law enforcement personnel of the Department of Public Safety; that inasmuch as petitioner is not and never has performed law enforcement duties she is not eligible; and that the legislative intent is further shown by the action of defendants in refusing to accept petitioner's application.

Petitioner counters this argument by pointing to the definition of "sworn law enforcement personnel" in Ordinance No. 25, which states that the ordinance applies to all employes "who perform their duties, under an oath administered to law enforcement personnel"; that this definition is conclusive and binding on defendants; and that she has at all times during her employment performed her duties under the same oath administered to law enforcement personnel and therefore she is eligible to participate in the special retirement program.

■ The same rules that govern the construction of statutes are applied when the provisions of an ordinance are in need of interpretation. *Local 1724B v. Bd. of Cty. Com., Lane Cty.,* 5 Or App 81, 482 P2d 764 (1971).

■ We agree with petitioner and the trial court that the quoted provision defining "sworn law enforcement personnel" is plain and unambiguous. An unambiguous statute should not be interpreted but should be enforced according to its clear language. *Whitney v. Morgan,* 9 Or App 289, 497 P2d 865 (1972). As we

read this section we cannot escape the conclusion that petitioner was a sworn law enforcement person within that definition.

■■ It may well be, as urged by defendants, that the Board of County Commissioners in enacting Ordinance No. 25 actually intended to provide for a more limited application of the special retirement program than it did. However, where the language of an enactment is plain, it is not the function of a court to write a new one. *Methodist Book Concern v. St. Tax Com'n*, 186 Or 585, 208 P2d 319 (1949).

This, however, does not end our consideration of the case. We must consider the effect of the amendatory ordinance, No. 29, which limited coverage under the special retirement program only to employes in four specifically enumerated job classifications.

■ We conclude that petitioner cannot prevail because (a) her right to a pension under the new program never vested and (b) the subsequent amendment operated to exclude her from the eligible class of departmental employes.

As to point (a) above, petitioner contends that her right vested because she continued in the employ of the department notwithstanding its refusal to accept her application. This contention cannot be sustained. Petitioner relies on *Adams v. Schrunk*, 6 Or App 580, 488 P2d 831, Sup Ct *review denied* (1971), in which we held that a city charter amendment could not cut off retirement rights of Portland police officers which had already accumulated via compulsory and optional payroll deductions under prior charter and ordinance provisions. In *Adams* petitioners sought a decree stating that their initial temporary service

before permanent appointment as police officers counted for eligibility.

■ Unlike the police officers in *Adams*, petitioner's application was never accepted; she paid no money into the new retirement fund and none was deducted from her regular pay. Further, Ordinance No. 25 specifically provided that the defendant Board had "final authority in determining the eligibility and qualification of County personnel entitled to make contributions and receive benefits * * *." Cases such as *Adams v. Schrunk*, supra, *Harryman v. Roseburg Fire Dist.*, 244 Or 631, 420 P2d 51 (1966), and *Crawford v. Teachers' Ret. Fund Ass'n*, 164 Or 77, 99 P2d 729 (1940), are clearly distinguishable on the facts from the case at bar. The right to participate in a contributory public employe retirement program vests, if at all, only when some form of contract relation exists between the employe and the pension board. In the case at bar no consideration existed to support any contractual relationship as to the benefits of Ordinance No. 25. Therefore there was no vesting of retirement rights under that ordinance. We have been cited to no case in any jurisdiction, nor have we found any, which holds that a public employe's action in continuing his employment notwithstanding rejection of his application for membership in a special retirement program created some years after he commenced his employment would constitute consideration. See authorities cited in *Adams v. Schrunk*, supra. See also cases collected in 52 ALR2d 437 et seq (1957), 49-55 ALR2d Later Case Service 269 et seq (1967), including Supp 82-83 (1972).

With reference to point (b), the subsequent amendment of Ordinance No. 25 effected by Ordinance

No. 29, which was enacted prior to the filing of petitioner's mandamus action, was not barred by the 'prior vesting' of any rights in petitioner. As we have already pointed out, petitioner had acquired no 'vested right' under Ordinance No. 25 as originally enacted. The subsequent amendment of Ordinance No. 25 by Ordinance No. 29 operated to exclude all departmental employes (including petitioner) except those in the enumerated job classifications from participation in the new program.

Reversed and remanded with instructions to dismiss the peremptory writ.