Argued April 21, affirmed May 27, 1975

SCHOEN, *Respondent, v.* UNIVERSITY
OF OREGON, *Petitioner.*
535 P2d 1378

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for petitioner. With him on the brief was Lee Johnson, Attorney General, Salem.

*John S. Irvin,* Salem, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

This is a petition by the University of Oregon (petitioner) for judicial review of a ruling by the Public Employe Relations Board (PERB) that Kathleen Schoen (respondent), an employe of the University, was eligible to be considered for a one-step salary increase as of October 1, 1973.

The central issue presented is the construction of a regulation of the state Personnel Division (Personnel Rule 33-120) which provides that new employes in the classified service who perform adequately are eligible to be considered for a one-step raise at the end of six months.① There is no statute covering the

---

① It should be mentioned that a collective bargaining agreement was in effect between respondent's bargaining unit and petitioner. The contract provided that a one-step increase would be granted to all employes upon their gaining regular status in state employment. Respondent's bargaining representative contended that failure to grant a six-month increase to respondent upon her

question before us. The issue must be resolved, therefore, by construing the rules of the Personnel Division.

The facts are not in dispute.

Respondent was employed by petitioner as a Clerk 1(T) on February 1, 1973, at the rate of $342 a month, the then first step in the range for this class. On March 5, 1973, respondent sought and received a Clerk 2(T) position in a different department with petitioner, at the first step in the salary range or $377 per month. This would have represented a two-step pay increase in respondent's former Clerk 1(T) classification: Executive Department, Personnel Division, Compensation Plan (July 1, 1972), p 12.

■ As we have already indicated, new employes in the state classified service usually receive a one-step salary increase after six months' service, when their salaries first become subject to withholding under the Public Employes Retirement Law. It would appear that the purpose of Rule 33-120 is to prevent the new employe from suffering a reduction in his take-home pay when the deduction for his retirement contribution commences. Six months from respondent's original employment date was August 1, 1973. Six months from her advance to her Clerk 2(T) position was September 5, 1973. Respondent did not receive a six-month, one-step pay increase on either of these dates. PERB ruled that:

> "Where a person has, by examination, qualified for employment by the state for several positions, his appointment during trial service to a higher paying position at the first step in the range is not, in any real sense, a promotion."

obtaining regular status was an unfair labor practice. In light of its ruling on the merits of respondent's claim, PERB dismissed the unfair labor practice charge. That ruling is not under review.

It is conceded that respondent is a good employe and has met all standards of her position and class.

Respondent contends that PERB was correct in ruling that she was entitled to a six-month increase. She does, however, state in her brief that PERB was partially in error in ruling that the increase was effective the first month following the six months' service in the Clerk 2(T) position. She argues that the increase should have been effective six months following her initial appointment as Clerk 1(T).

Petitioner, on the other hand, contends that the appointment to the Clerk 2(T) position constituted a promotion, eliminating the need for a six-month increase.

As we understand PERB's ruling, PERB held that Personnel Rule 33-120[2] must be construed to provide that any person not otherwise barred shall be eligible for consideration for a six-month increase on attaining regular status. Petitioner was ordered to grant respondent a one-step increase, effective the first of the month following her having served six months as a Clerk 2(T), her anniversary date, for consideration for further merit increases to be established accordingly. This date would be October 1, 1973.

Rule 12-100(32) provides:

" 'Promotion' means a transfer of an employee from a position in one class to a position in another class having a higher maximum salary rate."

■ It is our conclusion that inasmuch as respondent had performed satisfactory service for a period of

---

[2] Rule 33-120 provides:

"Six month increases shall be based on merit and shall apply only to persons entering or returning to state service who were not members of the retirement system during the six-month period immediately preceding the proposed effective date [of the increase]."

six months and was not yet a member of the state retirement system she was, under Rule 33-120, eligible to be considered for a one-step pay increase.

The fact that she was appointed to a higher position (Clerk 2(T)) before she had completed her six months' period is in our view immaterial. Even though respondent received a promotion (as defined in Rule 12-100(32)), after she had been in state service only two months, Rule 33-120 contains no proviso to the effect that an employe who receives a "promotion" is thereby disqualified from receiving the one-step increase. To the contrary the rule makes no exceptions of any kind.

■ Petitioner contends that where as here an employe received a promotion, or is appointed to a higher position during the six-month period, the state Personel Division (formerly State Civil Service Commission) considers that the employe is not entitled to a one-step increase under the subject rule. But that is not what the rule says.

■ In construing regulations of administrative bodies, as in construing statutes, *Local 1724B v. Bd. of Cty. Com., Lane Cty.,* 5 Or App 81, 482 P2d 764 (1971), it is the duty of the court to ascertain and declare what the legislature (or rule-making body) did, not what it might have done. *Sunshine Dairy v. Peterson et al.,* 183 Or 305, 193 P2d 543 (1948).

■■ It is a well established rule of construction that courts give careful consideration to administrative interpretations by public agencies entrusted with the duty of administering particular statutes. However, if such interpretation is at variance with the express terms of the statute or regulation, this rule of construction does not apply. We cannot give judicial sanction to an interpretation which has no legal basis. *U.P.R.R. Co. v. Commission,* 1 OTR 564 (1964).

■ An unambiguous regulation, like an unambiguous statute, should not be interpreted but should be enforced according to its clear language. *Whitney v. Morgan,* 9 Or App 289, 497 P2d 865 (1972).

■■ Although PERB's order was that the increase was due on October 1, 1973, we conclude that respondent was entitled to be considered for a one-step increase as of August 1, 1973. However, inasmuch as respondent did not cross-appeal she cannot obtain a modification of PERB's order more favorable to herself than the order below. *Belleville v. Davis,* 262 Or 387, 498 P2d 744 (1972).

Affirmed.