Argued June 10, affirmed September 29, petition for rehearing
denied November 2, 1965

DAY ET AL *v.* HILL ET AL

406 P. 2d 148

*John S. Horton,* Albany, argued the cause for appellants. On the briefs were Weatherford, Thompson and Horton, Albany.

*Eugene K. Richardson,* Newport, argued the cause and filed a brief for respondents.

Before PERRY, Presiding Justice, and *O'CONNELL, DENECKE, HOLMAN and LUSK, Justices.

DENECKE, J.

The plaintiffs brought suit to enjoin the defendants from interfering with plaintiffs' alleged water rights in a stream now called Walker Creek. The trial court dismissed plaintiffs' suit and they appeal.

Plaintiffs claim to be appropriating water from Walker Creek under a permit for appropriation granted by the state. There is a fact issue whether plaintiffs' permit applies to Walker Creek or some other stream. It is not necessary for us to decide that issue because we hold that the plaintiffs' predecessor forfeited by nonuse any right of appropriation he had.

ORS 540.610(1) provides as follows:

"Beneficial use shall be the basis, the measure and the limit of all rights to the use of water in this state. Whenever the owner of a perfected and developed water right ceases or fails to use the water appropriated for a period of five successive years, the right to use shall cease, and the failure to use shall be conclusively presumed to be an abandonment of water right. Thereafter the water which was the subject of use under such water right shall revert to the public and become again the subject of appropriation in the manner provided by law, subject to existing priorities."

---

* O'Connell, J., did not participate in this decision.

The trial court made a Conclusion of Law as follows:

"That the plaintiffs and their predecessor in interest have failed to use the water appropriated in the Certificate of Water Rights dated May 31, 1935, issued to Oscar Oakland for use of water from unnamed stream, a tributary of Alsea Bay, for a period of more than five successive years and such failure constitutes an abandonment of said water rights."

■■ Whether or not an owner has failed to use the water appropriated for five or more successive years is a question of fact. Plaintiffs' suit is in equity and we, therefore, try the facts de novo. However, where the evidence is contradictory and the inferences conflicting, we place great reliance upon the trial court's findings. *Clauder v. Morser,* 204 Or 378, 391, 282 P2d 352 (1955). While the trial court's decision in this case is labeled "Conclusions," it is evident that the portion deciding that the plaintiffs and their predecessor failed to use the water for a period of more than five successive years is a finding of fact.

■ Defendants' witnesses observed nonuse by the plaintiffs' predecessor commencing from sometime in a period from 1943 through 1947 and extending to 1961. The basis of their testimony is that in this period there was no stream or ditch between Walker Creek and the property now owned by the plaintiffs. Because this reason is given for nonuse, it is immaterial whether there was enough water in Walker Creek for the plaintiffs' use. If there had been enough water, plaintiffs had no way of diverting it onto their land.

There was direct and circumstantial conflicting testimony. However, we can find nothing in the record to cause us to believe that our judgment of the

credibility of the witnesses would be more accurate than that of the trial court.

Plaintiffs further contend that even if it should be found that they did not secure any statutory rights by appropriation or that they lost such rights by nonuse, they nevertheless have water rights to Walker Creek by prescriptive use. Assuming water rights could have been acquired by prescription at the time claimed, plaintiffs do not have prescriptive rights. As is true in other instances of adverse possession, the use establishing the right must be adverse. The plaintiffs are downstream from the defendants against whom plaintiffs claim a right by prior adverse use. "* * * And in case the party against whom such adverse user (sic) is asserted, is an upper riparian owner, it is difficult to conceive of a case where the use of the water by a lower diversion can be adverse: * * *." *Davis v. Chamberlain,* 51 Or 304, 317, 98 P 154 (1908). A lower riparian owner ordinarily cannot gain a prescriptive right against an upper owner. *Harrington v. Demaris,* 46 Or 111, 115, 77 P 603, 82 P 14, 1 LRA NS 756 (1905).

Affirmed.