Argued July 11, affirmed as modified September 9, 1966

# STACY ET UX *v.* SMITH ET UX
418 P. 2d 32

*Randolph Slocum,* Roseburg, argued the cause for appellants. On the brief were Horn, Slocum & Washburn, Roseburg.

*William D. Green, Jr.,* Roseburg, filed the brief for respondents.

Before McAllister, Chief Justice, and Perry, Sloan, Holman and Hammond, Justices.

HOLMAN, J.

This was a suit brought by the purchasers to rescind a contract for the sale of timber because of claimed misrepresentations by the sellers. Defendants appealed from a decree rescinding the contract, entering judgment for plaintiffs for the portion of the purchase price paid thereunder, and for attorney's fees.

Defendants' first contention is that the court erred in failing to sustain their demurrer to the complaint. They argue that the complaint failed to state a cause of suit because it did not allege the representation attributed to the defendants was false.

■■ Plaintiffs alleged that they entered into a contract for the purchase of timber on certain real property and that "defendants showed plaintiffs timberlands upon which there was a substantial amount of timber and represented that said timber was on the previously described real property, when, said timber was on land belonging to the U. S. Government." The complaint is far from a model of the art of pleading. However, the purpose of a pleading is to inform the adverse party of the pleader's position. The allegation that the timber was on land belonging to the United States Government was sufficient to inform defendants of plaintiffs' contention that the representation regarding the location of the timber was false. This is particularly so when coupled with an averment that the timber was sold by plaintiffs to defendants. The transcript discloses that the case was tried by both parties on the assumption that the issue was whether the representation was in fact made, and if so, whether it was true or false.

■■ Defendants next contend that the complaint was insufficient because it alleged that the contract for

the sale of the timber provided for reasonable attorney's fees and requested the allowances of such fees by the court. Defendants are correct in their claim that this amounts to an attempt by plaintiffs to enforce a provision of the contract which they seek to rescind. A party may not enforce and rescind a contract at the same time. *Title & Trust Co. v. Durkheimer Co.*, 155 Or 427, 448, 63 P2d 909, 64 P2d 834 (1937); *Mascall v. Erickson*, 131 Or 509, 515, 283 P 2 (1930). The attempted assertion of the provision for attorney's fees, however, does not vitiate the entire pleading. The request for attorney's fees will be treated as surplusage which should have been stricken, and the award of attorney's fees is set aside.

■ Defendants then contend that both the complaint and the proof are insufficient because plaintiffs have neither alleged nor proved by clear and convincing evidence any knowledge of the falsity of the representation or intent to deceive on defendants' part. Scienter is not a necessary element in a suit for rescission. *Karn et ux v. Pidcock et ux*, 225 Or 406, 411, 357 P2d 509 (1960); *Brown et ux v. Hassenstab et ux*, 212 Or 246, 253, 319 P2d 929 (1957). Defendants' contention is without merit.

■ Defendants also assert that the trial court erred in allowing rescission because plaintiffs made their own investigation of the boundaries of the land on which the timber was sold, and had the necessary data before them to reach an accurate determination in this regard. The evidence is in dispute as to the extent of plaintiffs' investigation and what in fact it disclosed, as well as whether sufficient diligence was exercised in view of the information that was available to them. As this is a suit in equity, the case is tried *de novo* by this court. ORS 19.125(3); *Fahrenwald v. Hemphill,*

239 Or 421, 424, 398 P2d 174 (1965). Nevertheless, the determination of the trial judge who saw the witnesses and heard them testify is entitled to great weight where the testimony or the inferences to be drawn from it are in dispute. *Day v. Hill*, 241 Or 507, 509, 406 P2d 148 (1965); *Nelson et al v. Hampton et ux*, 206 Or 573, 580, 294 P2d 329 (1956). An examination of the testimony leads us to believe that the trial court was correct in refusing to withhold rescission on either basis and in finding that the plaintiffs were entitled to rely on defendants' misrepresentation.

The decree of the trial judge is affirmed as modified by striking from it the provision for attorney's fees. Costs on appeal are allowed to neither party.