In the Matter of the Cancellation of a Water Right in the name of Andrew T. Poole,

CRUMPTON et ux, *Petitioners,*

*v.*

DEPARTMENT OF WATER RESOURCES, *Respondent.*

(CA 6638)

559 P2d 927

Gary L. Hill, Roseburg, argued the cause for petitioners. With him on the brief was Slocum and Poole, Roseburg.

Melinda L. Bruce, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

**TANZER, J.**

This is an appeal from an order of the Department of Water Resources cancelling a water right dating from 1910 for appropriation from Elk Creek, a tributary of the South Umpqua River, for the irrigation of what has since been divided into several parcels of land, three of which are here in issue.

The Department cancelled the water right as to the first parcel and for 5.2 acres of the second parcel pursuant to ORS 540.610(1),[1] which requires a presumption of abandonment from nonuse of the right for any period of five successive years. It found that such a period of nonuse occurred immediately prior to 1947 except for an excluded 2.8 acres of the second parcel which had been used for gardening.[2]

Our standard for review of this portion of the order is the existence of substantial evidence, ORS 183.482, and the protestants assert that the finding of nonuse is not so supported. Some longtime residents of the area testified that they saw no sign of irrigation on the first and second parcels prior to 1947, with the exceptions of one crop of alfalfa in the 1930's and the garden patch. Such evidence, if believed, is sufficient to enable the fact finder to find an abandonment. *Cf. Day v. Hill,* 241 Or 507, 509, 406 P2d 148 (1965).

The protestants assert that the testimony proving nonusage was not strong, particularly as cross-examination indicated that it was based upon best

---

[1] ORS 540.610(1) provides:

"Beneficial use shall be the basis, the measure and the limit of all rights to the use of water in this state. Whenever the owner of a perfected and developed water right ceases or fails to use the water appropriated for a period of five successive years, the right to use shall cease, and the failure to use shall be conclusively presumed to be an abandonment of water right. Thereafter the water which was the subject of use under such water right shall revert to the public and become again the subject of appropriation in the manner provided by law, subject to existing priorities."

[2] ORS 540.641 and 540.650 authorize modification or partial cancellation.

memory rather than certainty. The evaluation of the testimony, however, is for the agency as fact finder. We cannot say on review that the evidence was not "such proof as a reasonable mind would employ to support a conclusion," *Bay v. State Board of Education,* 233 Or 601, 378 P2d 558 (1963). Therefore the finding, conclusion and cancellation of the water rights as to the first parcel and 5.2 acres of the second parcel are affirmed.

■ The order then reflects a finding that no such period of nonuse occurred on the third parcel. The Department cancelled the water right as to the third parcel based upon its finding of noncompliance with statutory procedures for a change of permit following a change in the point of diversion in 1928.

The order recites its findings and conclusions so inartfully and incompletely that judicial review of this portion is impossible. Drawing from that which best supports the result from various portions of the order, it is stated that under the original water right, water was diverted from Elk Creek by a dam into an open gravity ditch of 1¼ miles length, but that the ditch was destroyed by highway construction in 1928. Thereafter, owners of the second and third parcels drew water from the creek by means of pumps. It is possible to speculate that the pumps are in a different place than the original point of diversion, but the order is silent on this point. The conclusions recite that change of point of diversion will not effect a nonuse of the right, but that where there has been noncompliance with the statutory requirements for a change of point of diversion, the right to demand water no longer exists. The order states:

> "The diversion of water from the authorized source at a point other than that established of record will not serve to effect nonuse of the right in question. However, unless a change in point of diversion is accomplished under the provisions of ORS 540.520 to 540.530, no right exists to demand that water be furnished to the appropriators under that part of the right in question for the

irrigation of 2.8 acres in the NE¼ SW¼ of said Section 19, except the inlet of the [open gravity] Ditch."

This is the only reference to the "inlet" of the ditch, and that fact may account for why the right serving the third parcel is ordered forfeited for abandonment under ORS 540.610 to 540.650, based apparently on noncompliance with ORS 540.520 to 540.530,[3] but a remaining right certificate is issued for the 2.8-acre garden portion of the second parcel. The order does not say. We can only speculate as to the reasoning which led to this apparently anomalous conclusion and result.

ORS 183.470[4] requires that the findings and conclusions be sufficient to enable the court to understand and review the agency action without judicial insertion of its own findings and conclusions to fill the gaps. In this way, the action remains that of the agency, not of the court. *See McCann v. OLCC,* 27 Or App 487, 556 P2d 973 (1976). Where, as here, the order is insufficient for review, we remand for the entry of a more informative order. *Graham v. OLCC,* 20 Or App 97, 104, 530 P2d 858 (1975).

Affirmed as to cancellation of the water right serving the SW¼ NW¼ and 5.2 acres of the NE¼ SW¼ of Section 19.

---

[3] These sections set out procedures for modification of a water right after notice and hearing for those who may be affected by the change. Defendants assert that these sections do not affect them because the change occurred before the statutes were enacted, however the law was enacted in similar form just prior to the 1928 highway construction. Or Laws 1927, ch 219, § 1.

[4] ORS 183.470 provides:

"Every order adverse to a party to the proceeding, rendered by an agency in a contested case, shall be in writing or stated in the record, may be accompanied by an opinion, and a final order shall be accompanied by findings of fact and conclusions of law. The findings of fact shall consist of a concise statement of the underlying facts supporting the findings as to each contested issue of fact and as to each ultimate fact required to support the agency's order. Parties to the proceeding shall be notified of a final order by delivering or mailing a copy of the order or accompanying findings and conclusions to each party or, if applicable, his attorney of record."

Remanded for entry of a new order with specific findings and conclusions as to the NW¼ SE¼ and 2.8 acres of the NE¼ SW¼ of Section 19.

Affirmed in part; reversed and remanded in part.