Argued September 14, reversed September 22, 1954

# FRANKLIN *v.* STATE INDUSTRIAL ACCIDENT COMMISSION
## 274 P. 2d 279

*Howard R. Lonergan*, Assistant Attorney General, of Portland, argued the cause for appellant. With him on the brief was Robert Y. Thornton, Attorney General, of Salem.

*W. A. Franklin* argued the cause for respondent. On the brief were Anderson, Franklin & Landye, of Portland.

Before LATOURETTE, Chief Justice, and WARNER, ROSSMAN and TOOZE, Justices.

TOOZE, J.

This is an appeal by the State Industrial Accident Commission, defendant, from that portion of a judgment in favor of Alice Jean Franklin, plaintiff, which provided "that the defendant shall pay to Anderson, Franklin & Landye, attorneys for plaintiff herein, an attorney fee in the sum of $500.00, which sum is a reasonable sum to be allowed said attorneys for their services herein, and said attorney fee to be paid forthwith from the Industrial Accident Fund as an administrative expense".

Plaintiff sustained an accidental injury arising out of and in the course of her employment through violent and external means at a time when she was entitled to the benefits of the Workmen's Compensation Law.

Her claim for compensation was denied by the State Industrial Accident Commission in its entirety. She appealed to the circuit court for Multnomah county from the order of denial, after having followed all statutory procedural requirements. The case was tried to a jury. The jury found that she had sustained a personal injury by accident arising out of and within the course of her employment by violent or external means within the meaning of the Workmen's Compensation Law, entitling her to compensation.

Based upon the verdict of the jury, the trial court entered judgment referring plaintiff's claim back to the State Industrial Accident Commission with directions to allow it and to pay plaintiff compensation as the law provided. In addition, the court included in its judgment the allowance of attorneys' fees as above noted.

It will be observed that the defendant Commission is directed to pay the attorneys' fee out of the Industrial Accident Fund as an administrative expense, rather than out of any compensation award made to plaintiff.

Defendant contends on this appeal that the trial court was without jurisdiction to fix an attorney fee in this case, and that that portion of the judgment is void.

The parties agree that the right to an attorney fee as a part of a judgment entered in cases brought pursuant to the provisions of the Workmen's Compensation Law is purely statutory.

Until July 1, 1951, attorneys' fees in cases brought under the Workmen's Compensation Law were payable out of the compensation awarded a claimant. In no case were they chargeable directly against the State

Industrial Accident Fund. ORS 656.590 (adopted in 1933: ch 115, Oregon Laws 1933) provides:

"(1) No claim for legal services or for any other services rendered before the commission in respect to any claim or award for compensation, to or on account of any person, shall be valid unless approved by the commission, or if proceedings on appeal from the order of the commission in respect to such claim or award are had before any court, unless approved by such court.

"(2) If the attorney and the commission cannot agree upon the amount of the fee, each forthwith shall submit a written statement of the services rendered to the presiding judge of the circuit court in the county in which the claimant resides. The judge shall in a summary manner, without the payment of filing, trial or court fees, determine the amount of such fee. This controversy shall be given precedence over other proceedings.

"(3) Any claim so approved shall, in the manner and to the extent fixed by the commission or such court, be a lien upon such compensation."

In 1951 the legislature enacted what is now ORS 656.588 (ch 330, Oregon Laws 1951), which reads as follows:

"(1) In all cases involving accidental injuries occurring on or after July 1, 1951, where an injured workman prevails in an appeal to the circuit court from a commission order rejecting his original claim for compensation, *the commission shall allow a reasonable attorney's fee* to the claimant's attorney. This attorney fee shall be paid from the Industrial Accident Fund, as an administrative expense.

"(2) In all other cases attorney's fees shall continue to be paid from the claimant's award of compensation." (Italics ours.)

This statute deals with a particular situation, is complete in itself, and the language used is plain and

unambiguous. When an injured workman appeals to the circuit court from a commission order *rejecting his original claim for compensation,* and prevails, the commission, not the court, shall allow a reasonable attorney's fee to the claimant's attorney.

In the construction of statutes the governing rule to be followed and the one which is law and binding upon the court is to ascertain and declare the legislative intent. ORS 174.010 and 174.020. Where the language used in a statute is plain, unambiguous, and understandable, the intent of the legislature must be ascertained from that language. *Swift & Co. and Armour & Co. v. Peterson,* 192 Or 97, 108, 233 P2d 216; 82 CJS 571, Statutes, § 322(1); 82 CJS 577, Statutes, § 322(2).

It is elementary that when the legislature, in enacting a law, makes use of plain, unambiguous, and understandable language, it is presumed to have intended precisely what its words imply. There is no occasion to go beyond those words and their plain meaning to ascertain by application of rules of statutory construction the legislative purpose.

Had the legislature intended that the court should have the power to fix an attorney's fee upon such an appeal as is mentioned in the statute, it would have so provided.

In support of their contention that the statute should be construed as vesting authority in the court upon the appeal to fix and allow a reasonable attorney's fee, counsel argue that otherwise the Commission will be in a position to treat them unfairly in the amount finally awarded. Of course, the presumption is that the Commission will, in all cases, act fairly and in good faith, but however that may be, this argument relates to a matter of policy, and not to a

matter of law. It might be that in cases such as this the court should be given authority to fix a reasonable attorney's fee and to order it paid, as a part of its final judgment on the appeal. Nevertheless, that question is exclusively for legislative determination.

In attempting to fix and allow a reasonable attorney's fee in this case, the trial court acted beyond its jurisdiction, and that part of the judgment is wholly void and of no effect.

The judgment as to the attorney's fee is reversed.