Argued July 8, reversed and remanded October 2, 1968

STATE OF OREGON, *Respondent, v.*
WILLIS N. KRAUSE, *Appellant.*

445 P. 2d 500

*Kenneth C. Hadley,* Deputy Public Defender, Salem and *William H. Ferguson,* Grants Pass, argued the cause for appellant. With Mr. Ferguson on the brief were Charles H. Seagraves, Jr., Grants Pass and Lawrence A. Aschenbrenner, Public Defender, Salem.

*Robert M. Burrows,* Deputy District Attorney, Grants Pass, argued the cause for respondent. With him on the brief was Michael S. Killoran, District Attorney, Grants Pass.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

SLOAN, J.

Defendant was convicted of second degree murder for the shooting of his wife with a rifle. The indictment charged a felony murder in that defendant was accused of the carrying of the weapon with an intent to use the rifle against his stepson in violation of ORS 166.220 and in the process shot and killed his . wife. Defendant testified that before the shot was fired he had the gun in his hands for the purpose of examination for needed repair; that his wife came to the bedroom where he was and endeavored to take the rifle

from him and that in the ensuing struggle the gun discharged with the fatal result. There was evidence that defendant and the stepson had quarreled prior to the shooting and that defendant had threatened to use the gun on the stepson.

The case must be reversed because of the failure to admit evidence and for error in instructions given.

An important issue to the defense was the spot where the wife was standing when the gun was discharged. The state presented evidence to show that the deceased wife was in the living room of the house when the shot was fired. Defendant testified that she was still in the bedroom where he had been when she came to take the rifle from him. The difference was important to the defense. To sustain his theory, defendant first elicited from the state's ballistics expert and from the medical examiner the information that the bullet had traveled through the woman's body in a straight line and fragments of the bullet were found in the wall of the living room. The bullet fragment was surrounded by spots of blood and soft tissue in a circular form. The circle measured ten feet in diameter; a 5 foot radius on each side of the bullet.

The ballistics expert testified that when the bullet left the woman's body that the soft tissue and blood carried by the bullet would expand or discharge into a cone-shaped pattern. That the apex of the cone would be the spot where it left the woman's body, the base of the cone would be represented by the spots on the wall. Using this as a basis of computation, along with the woman's height and other measurements, the expert testified that the spot where she was standing when the bullet left her body could be mathematically computed by triangulation with acceptable accuracy.

■ Defendant then offered the testimony of an engineer who had prepared an exhibit demonstrating this theory together with mathematical calculations which would establish the woman's placement. The court refused to receive the evidence. The evidence was important to defendant's explanation of the event, the validity of the theory advanced by defendant was verified by the state's ballistics expert and the accuracy of the engineer's calculations were not challenged. His expertise to make the calculations was established. McCormick states the criteria that should govern the admission of experimental or demonstrative evidence of this nature:

> "* * * Any relevant conclusions which are supported by a qualified expert witness should be received unless there are other reasons for exclusion. Particularly, its probative value may be overborne by the familiar dangers of prejudicing or misleading the jury, unfair surprise and undue consumption of time." (*Footnote omitted). McCormick, Evidence, 1954, § 170, pp 363, 364.

The evidence offered here met the criteria required and should have been admitted.

The state argues that the admission of the evidence was a discretionary ruling and that no abuse of the discretion can be shown. Our view of the record is that the court's refusal was not based on a discretionary judgment as to whether or not evidence would confuse the jury beyond any probative value submitted by the evidence. Rather the refusal to admit was based upon a misunderstanding of what defendant was endeavoring to prove and a failure to recognize that the validity of what the evidence tended to prove had been verified or recognized by the testimony of the ballistics expert.

The error in instructions given relates to the court's explanation of the ingredients of the alleged felony.

■ As indicated, the indictment charged that the felony which defendant was accused of committing at the time of the shooting was a violation of ORS 166.220. The statute provides that a person carrying or possessing a firearm, among other named weapons, with the intent to use the weapon unlawfully against another shall be guilty of a felony. The specific charge in the instant indictment was that defendant was carrying a rifle with the intent to use it against the stepson, Roger James France. Certain of the instructions given and excepted to would have permitted the jury to find the defendant guilty of the felony because of the use of the weapon upon his wife. A particular instruction told the jury that it could find defendant guilty if defendant had an intent to commit any unlawful act with the rifle. If the jury believed, as it well could have from the instructions, that the use of the rifle on the wife was the felony, this would not establish the felony murder. It would not have been an independent, collateral act. *State v. Branch,* 1966, 244 Or 97, 100, 415 P2d 766, 767. The instructions can be clarified at the new trial.

■ The court also instructed, without exception however, that " 'The law conclusively presumes a malicious and guilty intent from the deliberate commission of any unlawful act.' " This instruction should not be given and it is error to do so. *State v. Elliott,* 1963, 234 Or 522, 526, 383 P2d 382, 385. The instruction should be eliminated and not given.

■ The court also failed to give an instruction requested by defendant on manslaughter as defined by ORS 163.040(2). This instruction should have been given. It was the statute most applicable to the evi-

dence presented. *State v. Teller,* 1904, 45 Or 571, 572, 78 P 980.

Defendant also claims error in admitting statements made to police officers before he was fully advised of his rights and without an actual waiver on his part. The evidence supports the trial court's findings in admitting the statements, *Ball v. Gladden,* 1968, 250 Or 485, 443 P2d 621.

█ In this court it was argued that ORS 166.220 is unconstitutional because of *State v. Pirkey,* 1955, 203 Or 697, 281 P2d 698. The issue was not presented to the trial court and will not be considered here. *State v. Varney,* 1966, 244 Or 583, 419 P2d 430.

Because of the errors the case must be reversed and remanded for a new trial.