Argued January 21, affirmed March 16, 1972

THOMAS, *Appellant, v.* STATE ACCIDENT
INSURANCE FUND (No. 365-291),
*Respondent.*
495 P2d 46

*Keith E. Tichenor,* Portland, argued the cause for appellant. With him on the briefs were Pozzi, Wilson & Atchison, and Dan O'Leary, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before LANGTRY, Presiding Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

This appeal involves the proper construction to be placed on a provision of the Workmen's Compensation Law which authorizes payment of death benefits to certain so-called 'common-law' widows,[1] not-

---

[1] In the administrative proceedings the Workmen's Compensation Board referred to plaintiff as the "friend" of the deceased workman. We use the term "common-law widow" throughout this opinion for convenience to describe this relationship, al-

withstanding the fact that they were never formally married to the injured workmen with whom they lived.

Plaintiff appeals from a judgment order of the circuit court for Multnomah County which affirmed an administrative decision of the Workmen's Compensation Board denying her benefits as a 'common-law' widow of a workman killed in an industrial accident.

The sole question is whether the circuit court erred in sustaining the administrative determination of the Workmen's Compensation Board that plaintiff was not the widow of Donald Thomas within the meaning of ORS 656.226.

This statute reads as follows:

"In case an unmarried man and an unmarried woman have cohabited in this state as husband and wife for over one year prior to the date of an accidental injury received by such man, and children are living as a result of that relation, the woman and the children are entitled to compensation under ORS 656.001 to 656.794 the same as if the man and woman had been legally married."

In attacking the conclusion of the trial court plaintiff contends:

(1) "The trial court erred in affirming the Workmen's Compensation Board's Order on Review, thereby holding that appellant did not qualify for compensation under ORS 656.226 because the child which had been born to her and the decedent was not born, 'as a result of that relation', as that clause is used in the above cited statute."

(2) "If the construction of ORS 656.226 offered

though of course it is inaccurate since common-law marriages are not valid in Oregon. Huard v. McTeigh, 113 Or 279, 232 P 658, 39 ALR 528 (1925).

by the Workmen's Compensation Board and by the trial court is correct, then the trial court erred in failing to hold said statute is in violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution and the equal protection clause of Article I, Section 20 of the Oregon State Constitution."

Plaintiff and Donald Thomas, the deceased workman, commenced living together in California in July 1956. The couple moved to Portland, Oregon, in 1965 and continued to cohabit there as husband and wife until Mr. Thomas's death by industrial accident on November 21, 1969. While the couple was living together in California a son was born to plaintiff. The child was given out for adoption shortly after its birth.

It is conceded that although plaintiff and Mr. Thomas had lived together continuously for more than 13 years, at no time did they formalize their relationship in a marriage ceremony.[2]

There is a dispute as to whether the deceased workman was actually the father of the child born to plaintiff, but as we view the matter this issue need not be considered because plaintiff released the child for adoption shortly after its birth.

■ In construing statutes legislative intent must be ascertained and declared. ORS 174.010, 174.020; *Franklin v. State Ind. Acc. Com.*, 202 Or 237, 274 P2d 279 (1954).

An examination of the legislative history of ORS 656.226 shows that this statute was first enacted as Oregon Laws 1927, ch 414, and that it has continued in force down to the present date in substantially the

---

[2] Common-law marriages are likewise not valid in California. Norman v. Norman, 121 Cal 620, 54 P 143 (1898).

identical language in which it was originally enacted. The statute is narrowly drawn and purports to give death benefits only to those women who have cohabited in Oregon with a workman for at least one year prior to his death, and who have given birth to children who are now living. Thus, for example, where an unmarried couple has cohabited in a state which did not recognize common-law marriages (*e.g.,* California), then moved to Oregon, and the man was killed after they had lived together in this state for only six months, a widow without children would not qualify, even though the couple cohabited in this state prior to the accident. This would be so because she would not meet the requirements of (a) living children and (b) at least one year's residence in Oregon prior to the workman's death.

For reasons which follow we need not decide whether in order to be eligible to receive widow's benefits under the subject statute it is necessary that the children of the couple must have been born as a result of the parents' cohabitation in Oregon.

■ It is undisputed that plaintiff released her child for adoption in California in 1957 shortly after its birth. The adoption proceeding terminated all the couple's responsibilities for, duties toward, or rights over, the child under the laws of California. Cal Civ Code, § 229 (West 1954);⑤ *Estate of Jobson,* 164 Cal 312, 128 P 938 (1912). Thus she did not have "children * * * living as a result of that relation" as required by ORS 656.226 at the time of Mr. Thomas's death.

---

⑤ "The parents of an adopted child are, from the time of the adoption, relieved of all parental duties towards, and all responsibility for, the child so adopted, and have no right over it." Cal Civ Code, § 229 (West 1954).

Within the contemplation of the law she had, in effect, no living children. *Dept. of Rev. v. Martin,* 3 Or App 594, 474 P2d 355, Sup Ct *review denied* (1970).

Plaintiff next contends that this classification (as we have construed the subject section) is wholly unreasonable, is not sufficiently related to the social purpose it was intended to accomplish, and results in gross inequality. She urges that this requires that we hold that ORS 656.226 is in violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution and Art I, § 20 of the Oregon Constitution.

■ We note that this question was not raised in the trial court. For this reason we will not consider it for the first time on appeal.

> "Challenges to the constitutionality of a statute should be raised in the trial court, and not for the first time on appeal. *State v. Krause,* 251 Or 318, 445 P2d 500 (1968). *Highway Commission v. Helliwell,* 225 Or 588, 358 P2d 719 (1961), *Senger v. Vancouver-Portland Bus Co.,* 209 Or 37, 298 P2d 835, 304 P2d 448 (1956)." *State v. Zusman,* 1 Or App 268, 271, 460 P2d 872 (1969), Sup Ct *review denied, cert denied* 398 US 905 (1970).

We conclude that the trial judge and the Workmen's Compensation Board correctly construed and applied ORS 656.226.

Affirmed.