Argued April 17, affirmed May 11, 1972

WHITNEY, *Petitioner, v.* MORGAN ET AL
(No. 71-AB-303), *Respondents.*

497 P2d 865

*William G. Whitney,* Portland, argued the cause and filed the brief for petitioner.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB,* Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

Plaintiff seeks judicial review of the decision of the Oregon Employment Appeals Board which affirmed the referee's decision that she had terminated her employment to assume domestic duties and, therefore, was precluded from receiving unemployment insurance benefits by ORS 657.160(1).[1]

The facts are not in dispute. The plaintiff had been employed by Sheraton Motor Inn for several years. She terminated this employment on October 30, 1970, after adopting two children. The termination

---

* Schwab, C.J., did not participate in this decision.

[1] ORS 657.160(1):

"In addition to other individuals who may suffer disqualification:

"(1) An individual who leaves work to be married or to accompany his or her spouse to or join her or him at a place from which it is impractical to commute to such employment or whose marital status or domestic duties cause him or her to leave his or her employment shall not be eligible for unemployment insurance benefits for the duration of the ensuing period of unemployment and until he or she has secured bona fide employment subsequent to the date of such leaving. The disqualification imposed by this subsection by reason of the marital status or domestic duties of an individual may be waived in severe and unusual hardship cases such as terminal illness. The administrator may establish by regulation conditions of hardship under which such waiver may be made."

was in compliance with a regulation of the State Public Welfare Commission Adoptive Agency requiring that an adoptive mother must not be employed during the first year to insure full and continuous care for the child. Plaintiff received permission from the welfare commission to return to work on June 1, 1971, but as of the date of the hearing she had not been able to secure work.

■■ Plaintiff contends that ORS 657.160(2), which provides an exemption from ORS 657.160(1) where the termination is due to pregnancy, should be applied in the present situation. We see no legal basis for interpreting the term "due to pregnancy" to include adoptive mothers. An unambiguous statute should not be interpreted but should be enforced according to its clear language. *Thomas v. SAIF*, 8 Or App 414, 495 P2d 46 (1972).

■ Equally without merit is the contention that the plaintiff was deprived of a fair hearing because the referee was judge, jury and attorney for the defendant. The essence of this contention seems to be that the referee in questioning the witnesses went beyond his legitimate role and acted as an advocate for the defendant. The plaintiff has not cited, nor has our independent examination of the record disclosed, any portion of the transcript which supports this allegation.

Affirmed.