Argued January 23, reversed and remanded March 11,
reconsideration denied April 16, petition for
review denied April 30, 1974

WEST FOODS, INC., *Petitioner, v.* MORGAN, ORR,
*Respondents.*

519 P2d 1062

*John R. Faust, Jr.,* Portland, argued the cause for petitioner. With him on the brief were Cake, Hardy, Buttler, McEwen & Weiss, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent Ross Morgan. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Charles N. Hilke,* Marion-Polk Legal Aid Service, Inc., Salem, argued the cause for respondent Arthur Orr. With him on the brief was Victor C. Pagel, Director, Marion-Polk Legal Aid Service, Inc., Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

THORNTON, J.

This case involves a dispute as to the construction to be placed upon a provision of our unemployment compensation law exempting "agricultural labor." ORS 657.045.

Petitioner employer, West Foods, Inc. (West), appeals from a decision of the Employment Appeals Board upholding an award of unemployment benefits. The Appeals Board held that the claimant employe was not engaged in "agricultural labor," and was therefore entitled to benefits based on a period of employment from January 2 through October 5, 1972,[1] when claimant was laid off. We reverse.

_____

[1] Claimant was actually employed by petitioner from July 29, 1968, through October 5, 1972.

The essential facts are as follows:

West grows, harvests and processes mushrooms on a 125-acre tract outside Salem. These mushrooms are cultivated in artificially-controlled growing sheds, resulting in a continuous process of planting, growing and harvesting. Mushrooms are picked every day, year-round, as they mature. West maintains a separate facility for packing and shipping fresh mushrooms and another facility for canning mushrooms. The cannery is operated principally to mitigate spoilage losses from the fresh mushroom operation. Claimant was employed as a welder in the maintenance department. Most of his work was done on the cannery operation.

Claimant argues that he is entitled to unemployment benefits based on a period of employment from January 2 through October 5, 1972. During this period ORS 657.045 provided as follows:

"(1) 'Employment' does not include agricultural labor.

"(2) 'Agricultural labor' includes all services performed:

"(a) On a farm, in the employ of any person, in connection with cultivating the soil, or in connection with raising or harvesting any agricultural or horticultural commodity * * *.

"(b) In the employ of the owner or tenant or other operator of a farm, in connection with the operation, management, conservation, improvement or maintenance of such farm and its tools and equipment, * * * if the major part of such services is performed on a farm.

"(c) In connection with the production or harvesting of any commodity defined as an agricultural commodity in section 15 (g) of the Federal Agricultural Marketing Act, as amended, or in connection with the ginning of cotton, or in connection with the operation or maintenance of ditches, canals,

reservoirs or waterways not owned or operated for profit used exclusively for supplying and storing water for farming purposes.

"(d) In the employ of the operator or group of operators of a farm or farms (or a cooperative organization of which such operator or operators are members) in handling, planting, drying, packing, packaging, processing, freezing, grading, storing or delivering to storage or to market or to a carrier for transportation to market, in its unmanufactured state, any agricultural or horticultural commodity, but only if such operator or group of operators produced more than one-half of the commodity, as measured by volume, weight or other customary means, with respect to which such service is performed. This paragraph does not apply to service performed in connection with commercial canning, commercial freezing, brining of cherries, contract or custom processing of fruits or vegetables performed for the grower, or in connection with any agricultural or horticultural commodity after its delivery to a terminal market for distribution for consumption.

"(3) 'Farms,' as used in this section, includes stock, dairy, poultry, fruit, fur-bearing animal and truck farms, plantations, ranches, nurseries, ranges, greenhouses or other similar structures used primarily for the raising of agricultural or horticultural commodities, and orchards."

ORS 657.045 (3) broadly defines the term "farms" to include "greenhouses or other similar structures used primarily for the raising of agricultural or horticultural commodities, and orchards." Petitioner's special growing sheds are constructed and utilized for the cultivation of mushrooms, which, during the period involved here, were considered to be an "agricultural or horticultural commodity."

Agriculture, in its broader sense, means "the

science and art of the production of plants and animals useful to man." Webster's New International Dictionary (2d ed 1961). Certainly mushrooms are a plant useful to man. *See, Murphy v. Mid-West Mushroom Co.,* 350 Mo 658, 664, 168 SW2d 75 (1943).

On appeal respondent Morgan reiterates the argument successfully urged below, namely, that the Board's decision is supported by the legislative history of these particular provisions of the unemployment compensation law. Claimant's counsel also relies on the legislative history of the federal legislation on the subject. The gist of respondent Morgan's argument is this: That prior to 1972, ORS 657.045 (2) (c) contained a specific provision that "agricultural labor" included "the raising or harvesting of mushrooms." This language was deleted by the 1971 Oregon legislature. Oregon Laws 1971, ch 463, § 7, p 737. Respondent Morgan argues that by this amendment the legislature showed that it intended to exclude mushroom operations from the definition of "agricultural labor," thereby extending unemployment benefits to employes such as claimant herein.

Claimant also relies on *Great Western Co. v. Industrial Com.,* 103 Colo 39, 82 P2d 751 (1938), in which the court held that employes of a mushroom plant similar to that of West were not engaged in agricultural labor. A similar result was reached under the Washington statute in *In re Lamp,* 57 Wash2d 629, 358 P2d 966 (1961). Neither of these cases is applicable in the present situation as the Colorado and Washington statutes do not define "farms" in such broad terms as contained in ORS 657.045 (3).

The parties were in apparent agreement that the determinative issue presented in this case is

whether the West operation is a farm. Neither party raised any issue as to whether the claimant was engaged in performing nonagricultural duties (as a welder), either off the farm portion of the West operation (ORS 657.045 (2) (b)) or outside the scope of the cannery operation (ORS 657.045 (2) (d)). We therefore do not consider that question.

■■ The primary rule of statutory construction is to ascertain legislative intent. *State Highway Com. v. Rawson,* 210 Or 593, 312 P2d 849 (1957). Of equal importance is the rule that an unambiguous statute should not be interpreted but should be enforced according to its clear language. *Whitney v. Morgan,* 9 Or App 289, 497 P2d 865 (1972).

■ It is our view that ORS 657.045 as it existed during the period involved here is clear and unambiguous and that therefore resort to legislative history is unnecessary to ascertain its meaning.[2] *Franklin v. State Ind. Acc. Com.,* 202 Or 237, 241, 274 P2d 279 (1954); *Umatilla Co. v. City of Pendleton,* 9 Or App 55, 57, 495 P2d 287, Sup Ct *review denied* (1972).

■ We therefore conclude that during the period of claimant's employment West's operation was a "farm," as defined in ORS 657.045, and that claimant's work constituted "agricultural labor" within the definition set forth in ORS 657.045 (2) (b), and as such was not covered by the unemployment compensation law.

Reversed and remanded.

---

[2] In 1973 the legislature amended ORS 657.045 by specifically providing that " 'agricultural or horticultural commodity' does not include mushrooms," Oregon Laws 1973, ch 260, § 1, thereby expressly changing the status of mushroom farming, and thus, in effect, extending unemployment insurance coverage to all mushroom workers.