Argued May 19, affirmed June 27, reconsideration denied August 3, petition for review denied October 11, 1977

SCHOOL DISTRICT 24J, MARION COUNTY,
*Petitioner,*
*v.*
EMPLOYMENT DIVISION et al, *Respondents.*
(No. 76-AB-1067, CA 7294)

SCHOOL DISTRICT 24J, MARION COUNTY,
*Petitioner,*
*v.*
EMPLOYMENT DIVISION et al, *Respondents.*
(No. 76-AB-1313, CA 7572)

SCHOOL DISTRICT No. 1, MULTNOMAH
COUNTY, *Petitioner,*
*v.*
EMPLOYMENT DIVISION et al, *Respondents.*
(No. 77-P-292, CA 7639)
(Cases consolidated)
565 P2d 1102

Michael L. McDonough, Salem, argued the cause for petitioner School District 24J, Marion County. Donna M. Cameron, Portland, argued the cause for petitioner School District No. 1, Multnomah County. With them on the joint brief were Paulus & Callaghan, Salem, and Miller, Anderson, Nash, Yerke & Wiener and David W. Morthland, Portland.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

No appearance for respondents Joan B. Barker, Helen A. Ebert and Mathilda A. Hunter.

Before Thornton, Presiding Judge, and Tanzer and Richardson, Judges.

THORNTON, P. J.

## THORNTON, P. J.

These three consolidated unemployment compensation appeals involve the same issue—the interpretation of a 1975 amendment to the Unemployment Compensation Law which purported to authorize benefits under certain circumstances to noninstructional employes of public schools.

The essential facts are as follows:

Claimants Barker and Ebert are employed by petitioner School District No. 24J. Claimant Barker has been employed as a Library Aide III since August 29, 1974. From the beginning of her employment as a Library Aide III claimant Barker has worked on a 10.75-month school year basis. At no time during this period was the duration of her school year decreased. During the 1975-76 school year claimant Barker was employed during the normal school year until June 28, 1976. She was then off work until shortly before the resumption of work in the fall. She was notified sometime during the first part of June 1976 that she was scheduled to return to work on August 11, 1976.

Claimant Barker filed a claim for unemployment benefits on June 29, 1976. On July 29, 1976, the administrator determined that she was entitled to benefits.

Claimant Ebert was also employed by petitioner School District No. 24J as a Library Aide III. She has been employed since August 1968. Beginning with the 1969-70 school year claimant Ebert has worked on a 10.75-month school year basis. At no time during this period was claimant Ebert's work decreased from the normal 10.75-month school year.

During the 1975-76 school year claimant Ebert worked until June 28, 1976. She was then off work until August 11, 1976. On or about June 7, 1976, claimant Ebert was notified that she was expected to return to work on August 11, 1976.

[ 899 ]

On July 16, 1976, claimant Ebert filed a claim for unemployment benefits. On August 12, 1976, benefits were similarly allowed to her by administrator's decision.

Claimant Hunter has been employed by School District No. 1, Multnomah County, as a secretary since January 1956. From the beginning of her employment she has worked approximately a 210-day school year and has not worked during the normal school summer recess. During the 1975-76 school year claimant Hunter worked the regular school year until approximately June 27, 1976. She was then off work until the normal resumption of school in the fall. She was notified prior to June 27, 1976, that she was scheduled to return to work on August 18, 1976. Claimant Hunter has been off work during the summer recess for a comparable period during the summers since she began working for School District No. 1.

On July 8, 1976, claimant Hunter filed a claim for unemployment compensation. On August 13, 1976, benefits were granted by amended administrator's decision. On August 23, 1976, claimant Hunter was disqualified by the administrator for unemployment compensation during the period July 4, 1976 through August 14, 1976, and from August 8, 1976, because she refused a bona fide offer of suitable employment and was not available for or actively seeking work.

Except as above noted, in all cases the administrator allowed benefits, and his decision was affirmed in turn by the referee and by the Employment Appeals Board (EAB), although by a divided vote in two of the cases.

The relevant parts of the applicable statute, ORS 657.221, are as follows:

"(1) Notwithstanding any other provision of this chapter, benefits, based on service performed for an educational institution operated by a political subdivision, shall not be paid for a week of unemployment if any day of the week is within a school recess period and the

individual has been notified he is scheduled to return to work at the end of the recess period. However, if such individual is not returned to work following the end of the recess period or is laid off within 30 working days thereafter, the Employment Division may reconsider a prior determination which denies benefits under this section for a week or weeks in the recess period.

"(2) For purposes of subsection (1) of this section 'recess period' means any period of more than one day duration in which regular classes are not scheduled, such as summer, Christmas, and spring vacations. Special school sessions, such as summer schedules with limited enrollment, shall also be included in the meaning of 'recess period.'

"* * * * *

"(5) *Notwithstanding the provisions of subsection (1) of this section, noninstructional personnel in positions which have normally or historically been filled on more than a 10-month basis who are laid off for a recess period shall not be denied benefits because of such layoff.*" (Emphasis supplied.)

As already noted, the crux of this dispute is the interpretation of that portion of the 1975 amendment which is set forth above in italics.

The school districts argue that EAB's order allowing benefits is in error because the 1975 amendment grants benefits to public school employes when their work year is reduced below what the employes normally and historically worked and then only for the period of such reduction. The districts buttress their argument with extensive references to the legislative history of the 1975 amendment, which they assert shows that the purpose of the amendment was to allow benefits to employes whose work year was reduced by the schools below the previously agreed work year, and never to allow benefits to employes such as claimants.

Claimants' answer to these arguments is simply that the statute in issue is plain and unambiguous and that therefore no resort to rules of construction or legislative history is authorized.

■ We conclude that ORS 657.221(5) is plain and unambiguous and that EAB's decision must be upheld.

While claimants would be disqualified under ORS 657.221(1) and (2), they are nevertheless eligible under ORS 657.221(5) because they normally work in excess of 10 months of each school year.

> " 'Laid off' means that an individual is involuntarily separated or released from work for reasons not attributable to the individual worker." Oregon Administrative Rules, ch 471, § 30-075(4).

"Recess period" means "any period of more than one day duration in which regular classes are not scheduled, such as summer, Christmas, and spring vacations." ORS 657.221(2).

The school districts make reference to testimony before a committee of the 1975 legislature as to what proponents of the disputed amendment were attempting to accomplish by the amendment. But this type of evidence cannot override express language which is directly to the contrary.

■ An unambiguous statute should not be interpreted but should be enforced according to its clear language. *West Foods, Inc. v. Morgan, Orr,* 16 Or App 613, 519 P2d 1062, Sup Ct *review denied* (1974); *Whitney v. Morgan,* 9 Or App 289, 497 P2d 865 (1972); *Thomas v. SAIF,* 8 Or App 414, 495 P2d 46 (1972).

■ A court is not authorized to rewrite a statute or ignore the plain meaning of unambiguous words. *Fullerton v. Lamm,* 177 Or 655, 163 P2d 941, 165 P2d 63 (1946). It should declare what the legislature has done, not what it should have done. *Sunshine Dairy v. Peterson et al.,* 183 Or 305, 193 P2d 543 (1948).

Affirmed.