KEMPF, *Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND, *Respondent.*

(No. WCB 76-4352, CA 9659)

580 P2d 1032

Paul D. Clayton, Eugene, argued the cause for petitioner. With him on the brief was Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

W. D. Bates, Jr., Salem, argued the cause for respondent. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

SCHWAB, C. J.

**SCHWAB, C. J.**

According to claimant, "the only issue" in this workers' compensation case is the constitutionality of ORS 656.226. However, in view of the dissent, we consider the additional issue of the interpretation of ORS 656.226.

ORS 656.226 provides:

> "In case an unmarried man and an unmarried woman have cohabited in this state as husband and wife for over one year prior to the date of an accidental injury received by such man, and children are living as a result of that relation, the woman and the children are entitled to compensation under ORS 656.001 to 656.794 the same as if the man and woman had been legally married."

Claimant applied for benefits under this statute. She established that she and a worker who was killed in an industrial accident had been cohabiting for several years before the latter's death; that they were never married; and that they had no children. Her claim was denied by a referee and the Workers' Compensation Board. Claimant appeals. We affirm.

It is not completely clear what the target of claimant's constitutional attack is. At times, it seems that she would have us hold ORS 656.226 unconstitutional. But that result would leave claimant without the benefits she seeks because there is no other statute in the Workers' Compensation Act under which she might qualify for those benefits. Possibly aware of that incongruity, at other times claimant's constitutional attack seems to be directed solely at the phrase, "and children are living as a result of that marriage." Claimant is apparently proceeding on the assumption that the living-children phrase is severable, *see* ORS 174.040, and if invalidated, she would qualify for benefits under the balance of ORS 656.226. We join in that assumption for purposes of this opinion.

Claimant contends that there is no rational basis for the distinction between surviving partners with

children and those without children, and that, therefore, the classification is invalid under Article I, Section 20 of the Oregon Constitution, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

■ We begin our constitutional analysis with the observation that we perceive no equal protection infirmity in a legislative classification that distinguishes between married and unmarried couples. It may well be that "many couples, both young and old, are living together without the benefit of a civil marriage," *Beal v. Beal,* 282 Or 115, 118, 577 P2d 507 (1978), but the Equal Protection Clause does not mandate that the legislature treat unmarried couples the same as couples who have chosen to formally alter the legal aspects of their relationship by getting married. *See Village of Belle Terre v. Boraas,* 416 US 1, 94 S Ct 1536, 39 L Ed 2d 797 (1974).

■ Given that conclusion, the question becomes whether the legislature can extend a right that marriage would involve—the surviving partner's receipt of workers' compensation benefits—to some but not all unmarried couples. We think it can. The legislature was entitled to reason that the surviving partner of a substantial relationship was more likely to be financially dependent than the surviving partner of a casual relationship. The legislature was entitled to distinguish the substantial from the casual by way of the two-pronged test of ORS 656.226: cohabitation for more than one year (which claimant does not question) plus the birth of a child or children. The question is not whether we agree with the line the legislature drew; the question is whether it passes the test of "minimum rationality." *Clackamas County v. Ague,* 27 Or App 515, 518, 556 P2d 1386 (1976), *rev den* (1977). It does; ORS 656.226 is not unconstitutional.

■ The dissent would rule in claimant's favor based on a novel interpretation of ORS 656.226: that it authorizes payment of workers' compensation benefits to

persons in claimant's position based solely on cohabitation in this state for one year; and that it independently authorizes payments to the children of an unmarried couple (presumably without regard to the one-year rule). There are, in our opinion, two principal flaws in this suggested interpretation.

First, it makes ORS 656.226 in part superfluous and meaningless because illegitimate children are entitled to whatever benefits they can claim *directly* under other statutes. For the limited situations in which workers' compensation benefits are paid directly to surviving children, ORS 656.204,[1] "child" is defined as including "an illegitimate child." ORS 656.005(6).

Second, the dissent's interpretation disregards that part of ORS 656.226 that states compensation is to be paid "the same as if the man and woman had been legally married" and also disregards the balance of the Workers' Compensation Act that governs payments to a surviving spouse. The surviving, legally married spouse of a worker receives certain minimum benefits regardless of whether the couple had children. ORS 656.204(2). The amount of such benefits can be greater depending upon the number and ages of the couple's children. ORS 656.204(2), 656.204(2)(a), 656.204(2)(c), 656.204(2)(d), 656.204(3), 656.204(3)(a), and 656.204 (3)(c). But these benefits are paid *to* the surviving spouse for the benefit of the children, *not to* the children directly, except in the limited situations identified in note 1. In other words, either the surviving spouse receives all benefits directly, albeit computed based on the number and ages of children, or

---

[1]The limited situations in which the Workers' Compensation Act authorizes direct payment of benefits to surviving children are: (1) where the worker's death leaves a parentless child under 18, i.e., the child's other parent predeceased the worker, ORS 656.204(4); (2) where the surviving spouse receiving benefits dies before the child is 18 years old, ORS 656.204(7); (3) where the surviving spouse remarries, ORS 656.204(2) (c) and 656.208(2). Giving "remarriage" its ordinary meaning, the third situation would be irrelevant to this case. So, for present purposes, benefits can only be paid directly to children after both parents have died.

parentless surviving children receive all benefits directly; in no case do both a surviving spouse and his or her children receive benefits "independently."

We conclude that ORS 656.226 means just what it says: A claimant who satisfies the requirements of cohabitation for more than a year plus having living children is entitled to benefits as though the couple had been married. The present claimant does not satisfy the living-children requirement.

Affirmed.

**JOSEPH, J.,** dissenting.

The majority is correct in saying that "the only issue" tendered by the claimant is the constitutionality of ORS 656.226. The majority is also correct in saying that to declare the statute unconstitutional and wholly void would not aid her at all. But the claimant's real argument is that the statute is unconstitutional as interpreted and applied to her. The majority sees the constitutional issue as relating to how the legislature has chosen to treat "couples"; I think the constitutional issue relates to how the legislature has chosen to treat *individuals* in distinguishing between unmarried claimants who have had "children" and those who have not and awarding benefits only to the former. Whatever is the meaning of "minimum rationality," I do not believe this statute meets that standard if it applies. The majority opinion is inconsistent with the underlying policy in *Beal v. Beal,* 282 Or 115, 118, 577 P2d 507 (1978), and with the United States Supreme Court approach to the ways in which some state laws treat illegitimate children. *See Trimble v. Gordon,* 430 US 762, 97 S Ct 1459, 52 L Ed 2d 31 (1977).

Most unfortunately, however, the majority avoids the constitutional issue *ipse dixit:* There is no problem. Not being satisfied to say that, and believing the constitutional issue can be legitimately avoided by a detailed analysis of the history of the statute, I have

reduced my proposed opinion to a footnote (without the comments which would have been footnotes had my colleagues been willing to face the issue).[1]

[1]Claimant argues that the purpose of ORS 656.226 is to provide benefits to the surviving partner of a relationship substantially equivalent to a common-law marriage in her own right, just as benefits are provided to a surviving spouse. She contends that the existence of living children has no rational bearing upon the substantial equivalence of the relationship to a common-law marriage. She asserts that there is no rational basis for the classification between surviving partners with children and those without children, and that, therefore, the classification is invalid under Article I, section 20, of the Oregon Constitution, and the Equal Protection Clause of the Fourteenth Amendment.

SAIF, on the other hand, argues that the purpose of ORS 656.226 is not to provide compensation to surviving partners in their own right, but rather to protect surviving children by insuring that a surviving partner who has responsibility for such children is not left destitute. The requirement of living children would unquestionably bear a rational relationship to that purpose.

Both claimant and SAIF assume that the phrase "and children are living as a result of that relation" in ORS 656.226 was intended by the legislature as a necessary condition to compensation of a surviving partner. That assumption is supported by our decision in *Thomas v. SAIF,* 8 Or App 414, 495 P2d 46 (1972). A proper interpretation of ORS 656.226 leads to a different conclusion. In *Thomas* we held that the surviving partner was not entitled to benefits because the only child that resulted from the relation had been given up for adoption. Implicit in that decision was a determination that the purpose of ORS 656.226 is as SAIF now argues. In order to reach that conclusion, we had to interpret "living children" as those in relation to which the surviving partner continued to have legal responsibilities.

There is a simpler and more natural interpretation of ORS 656.226 which gives full effect to all the statutory language in its ordinary sense, does not require the implication of additional terms, avoids unreasonable and arguably unconstitutional results which follow from other interpretations, and is consistent with the history of the statute. We believe that the legislature intended to do in the single section of ORS 656.226 what should more clearly have been done in two separate sections. First, it intended to provide that in case an unmarried man and an unmarried woman have cohabited in this state as husband and wife for at least one year prior to the date of an accidental injury, the surviving woman is entitled to compensation under the other provisions of the Workers' Compensation Law the same as if the man and woman had been legally married. And, second, it intended to provide that in case there are children living as a result of that relation, they, too, are entitled to benefits under other applicable provisions the same as if the man and the woman had been married.

In January, 1925, the Oregon Supreme Court ruled that common-law marriages were no longer valid in Oregon and, in fact, never had been. *Huard v. McTeigh,* 113 Or 279, 232 P 658 (1925). In February, 1925, the

legislature amended the Workmen's Compensation Law to bring an illegitimate child within the definition of "child." Or Laws 1925, ch 133. Prior to that time only illegitimate children who had been legitimated prior to the injury were eligible for benefits. LOL § 6619. At approximately the same time the legislature passed Oregon Laws 1925, chapter 269, which in its engrossed form, including its title, read:

"An Act to legitimatize certain marriages and children the issue thereof.

"In case a man and a woman, not otherwise married heretofore, shall have cohabited in the state of Oregon as husband and wife, for over one year, and children shall be living as a result of said relation, said cohabitation, if children are living, is hereby declared to constitute a valid marriage and the children born after the beginning of said cohabitation are hereby declared to be the legitimate offspring of said marriage."

The interpretation of the new law soon became the subject of an equitable proceeding which resulted in the opinions in *Wadsworth v. Brigham et al,* 125 Or 428, 259 P 299, 266 P 875 (1928). As the opinion on rehearing in that case discloses, there had been a considerable dispute following the passage of the 1925 Act concerning the meaning of the words "not otherwise married heretofore." As originally introduced, the bill did not contain the words "not otherwise married" and there was no comma after "woman." Both parties in the *Wadsworth* case conceded that the Act, in its enrolled form, did not contain a comma after the word "heretofore." The appellees' brief and the opinion on rehearing in *Wadsworth* suggest that the legislature may have enacted the laws in response to *Huard,* intending only to legitimate past relationships and children alive at the time of the Act. 125 Or at 464.

In 1927 the provision which is now ORS 656.226 was enacted in substantially the form in which it stands today. Or Laws 1927, ch 414. It is reasonable to conclude that the 1927 legislation was an additional response to the *Huard* decision, which affected women with children and women without, as well as the children themselves. It appears that the intention of the legislature in enacting that provision was to provide independently for the surviving woman and the children.

First, the interpretation gives full effect to the statutory phase "are entitled to compensation under ORS 656.001 to 656.794 the *same as if the man and woman had been legally married.*" (Emphasis supplied.) In 1927, as now, a surviving spouse was entitled to benefits in her own right, regardless of whether there were children. LOL § 6626; ORS 656.204.

Second, it gives effect to the language "the *woman and the children* are entitled * * *." (Emphasis supplied.) If the intention of the legislature was to provide benefits to the surviving partner in order to prevent the undermining of benefits to which the children were independently entitled, it is difficult to understand why it used the phrase "woman and the children." Rather, it appears that the legislature felt that the *Huard* decision, together with the provision of benefits to persons who had cohabited as husband and wife, would have created doubt as to the status under the Workmen's Compensation Law of children of those relationships. The legislature may well have felt it necessary clearly to establish that

such children were entitled to benefits, although it did not wish to classify them as legitimate or illegitimate for other purposes. Keeping in mind that the legislature may well have assumed that in Oregon Laws 1925, chapter 269, they had acted only remedially with regard to persons whose expectations may have been upset by *Huard v. McTeigh, supra,* the necessity for Oregon Laws 1927, chapter 414, and the necessity for clarifying the status of children of future, as well as past, relationships becomes clearer.

Third, the suggested interpretation gives full effect to the phrase "and children are living as a result of that relation * * *" without implying additional terms or giving any of the language an unusual interpretation. As noted above, ORS 656.226 was apparently intended in part to provide independently for benefits to a particular class of children. Such compensation would only have been available, however, in case there were children living as a result of that relation. That is the proper sense of those words. Unlike the approach in *Thomas,* this interpretation gives the word "living" its ordinary, natural meaning. As *Thomas* illustrated, to read the clause concerning living children as a condition for compensation to the surviving partner requires the reading of "living" to include additional terms, *e.g.,* that the "children" were still dependent or had not been given up for adoption. Giving the term "living" children its ordinary meaning, it is clear that the purpose of the statute was not to benefit children indirectly. A child could be living as a result of the relation, but could be too old to be entitled to benefits in his own right. By accepting this interpretation of ORS 656.226, the word "living" can be given its natural meaning without leading to absurd or unreasonable results. It should, therefore, be given that meaning. *State ex rel Nilsen v. Ore. Motor Ass'n,* 248 Or 133, 432 P2d 512 (1967); *Piazza v. Clackamas Water Dist.,* 21 Or App 469, 535 P2d 554 (1975).

Fourth, the language employed in Oregon Laws 1925, chapter 269, indicates that the legislature did not intend the phrase "and children shall be living as a result of said relation" to be conditional. If it had, the subsequent phrase "if children are living" would have been wholly unnecessary. Thus, a comparison of the language used in 1925 and in 1927 shows that the phrase "and children shall be living as a result of said relation" as used in the original form of the latter Act, was not intended as a necessary condition to compensation of the surviving partner.

Fifth, the punctuation of ORS 656.226 suggests that "children living as a result of the relation * * *" was not intended to be a condition upon compensation to a surviving partner. Had it been considered part of a dual requirement, co-equal with the requirement of cohabitation as husband and wife for a year, it would not have been set off with commas. Where, as here, there is an ambiguity in the statute, punctuation is a factor to be considered in resolving the ambiguity. *Curly's Dairy v. Dept. of Agriculture,* 244 Or 15, 415 P2d 740 (1966); *Fleischhauer v. Bilstad,* 233 Or 578, 379 P2d 880 (1963).

Finally, the suggested interpretation avoids unreasonable and possibly unconstitutional results which follow from other interpretations. If the legislature intended living children as a condition to compensation of the surviving partner, it must have done so for a reason. Claimant's contention—that children were required as evidence of a substantial relationship

—seems somewhat farfetched. Moreover, the conditional interpretation presents substantial constitutional problems. SAIF's argument—that the statute was intended to benefit children indirectly by preventing their benefits from being undermined by the destitution of the surviving partner—requires us to assume that the legislature sought to aid children of relationships covered by ORS 656.226 in a manner in which it did not seek to benefit other children. When a surviving child entitled to benefits under ORS 656.208 is left in the custody of a grandparent, a sibling or some other person except the worker's surviving spouse, that other person is not entitled to any compensation for the indirect benefit of the child, even though he may have been dependent upon the deceased worker. ORS 656.005(12). The same was true in 1927. LOL § 6619.

For the foregoing reasons we should hold that ORS 656.226 was intended to provide compensation for the surviving woman and for the benefit of surviving children independently of one another's actual existence.