In the Matter of the Compensation
of the Beneficiaries of Marian A.
Williams, Deceased.

HEWITT
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(WCB No. 79-7248, CA 19548)

635 P2d 384

Eric R. Friedman, Portland, argued the cause for petitioner. With him on the brief was Fellows, McCarthy, Zikes & Kayser, P.C., Portland.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause for respondent. With him on the brief were K. R. Maloney, General Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund Corporation, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

Petitioner appeals the Workers' Compensation Board's Order which denied his claim for benefits pursuant to ORS 656.226.[1]

Petitioner and Marian Williams were unmarried cohabitants from 1974 until Marian Williams' death on May 20, 1979, from a compensable industrial accident. Petitioner is the father of Ms. Williams' child. A joint declaration of paternity was filed by petitioner and Ms. Williams with the Vital Statistics Section of the Oregon State Health Division. The child is a recipient of benefits under ORS 656.226 as a result of Ms. Williams' injury and death.[2]

The parties do not dispute that petitioner satisfies the criteria for benefits propounded in ORS 656.226, except that he is a surviving male rather than a surviving female. Petitioner contends that unless ORS 656.226 is interpreted to include benefits for surviving males as well as females, it is violative of the Equal Protection Clause of the United States Constitution and Article I, section 20, of the Oregon Constitution.[3]

---

[1] ORS 656.226 provides:

"In case an unmarried man and an unmarried woman have cohabited in this state as husband and wife for over one year prior to the date of an accidental injury received by such man, and children are living as a result of that relation, the woman and the children are entitled to compensation under ORS 656.001 to 656.794 the same as if the man and woman had been legally married."

[2] Had petitioner and Marian Williams been married at the time of Ms. Williams' death, petitioner, too, would have been entitled to benefits as a surviving spouse. ORS 656.204.

[3] Section 1 of the Fourteenth Amendment to the United States Constitution provides:

" * * * No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Article I, section 20, of the Oregon Constitution provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens.—"

■ ■ Petitioner relies on ORS 174.110(2) and ORS 174.115[4] for his contention that the statute should be interpreted to provide benefits to petitioner. ORS 174.115 provides:

> "It shall be the policy of the State of Oregon that all statutes, rules and orders enacted, adopted or amended after October 3, 1979, be written in sex-neutral terms unless it is necessary for the purpose of the statute, rule or order that it be expressed in terms of a particular gender."

ORS 174.110(2) provides:

> "Words used in the masculine gender may include the feminine and the neuter."

ORS 174.110(2) is inapplicable. Petitioner asks us to interpret the word "woman" to include man. That would not be an interpretation of a word used in the masculine gender, so ORS 174.110(2) does not apply. ORS 174.115 also is not helpful. We cannot apply a "policy" to contradict the obvious meaning of the words employed by the legislature. The word "woman" is clear and merits no interpretation. We cannot employ judicial interpretation to thwart the plain meaning of the statutory language. *Myers v. MHI Investments, Inc.,* 44 Or App 467, 471, 606 P2d 652, *rev den* 289 Or 107 (1980); *Monaco v. U.S. Fidelity and Guar.,* 275 Or 183, 188, 550 P2d 422 (1976); *Lane County v. Heintz Const. Co. et al,* 228 Or 152, 157, 364 P2d 627 (1961).

■ Having determined that ORS 656.226 cannot, by statutory construction, be interpreted to include men, we must now determine whether the statute deprives petitioner of the equal protection of the law.

Legislation that provides benefits to women but not to men has been upheld in some recent cases as a manifestation of "benign" discrimination. Those cases allow disparate treatment of men and women when the legislature has recognized that women have been treated unfairly economically and the legislation is an attempt to remedy the situation. *See Califano v. Webster,* 430 US 313, 97 S Ct 1192, 51 L Ed 2d 360 (1977); *Kahn v. Shevin,* 416

---

[4] Petitioner does not deny that ORS 174.115 applies only to statutes adopted or amended after October 3, 1979, which is "after the date of the decedent's death in this matter which would of course be the triggering event entitling the petitioner to compensation. * * * "

US 351, 94 S Ct 1734, 40 L Ed 2d 189 (1974). When the impetus for the legislation has not been to compensate women for discrimination but for other reasons, disparate treatment of men and women has been held unconstitutional. *See Califano v. Goldfarb,* 430 US 199, 97 S Ct 1021, 51 L Ed 2d 270 (1977); *Weinberger v. Wiesenfeld,* 420 US 636, 95 S Ct 1225, 43 L Ed 2d 514 (1975); *Frontiero v. Richardson,* 411 US 677, 93 S Ct 1764, 36 L Ed 2d 583 (1973). In *Weinberger,* 420 US at 648, the Supreme Court stated:

> " * * * [T]he mere recitation of a benign, compensatory purpose is not an automatic shield which protects against any inquiry into the actual purposes underlying a statutory scheme * * * ."

Classifications based on sex must have a "close and substantial relationship to important governmental objectives." *Personnel Administration of Mass. v. Feeney,* 442 US 256, 273, 99 S Ct 2282, 60 L Ed 2d 870 (1970). *See also, Weinberger v. Wiesenfeld, supra; Frontiero v. Richardson, supra; Reed v. Reed,* 404 US 71, 92 S Ct 251, 30 L Ed 2d 225 (1971).

ORS 656.226 is not an example of "benign" discrimination.[5] If the legislature meant to ameliorate economic discrimination against women, it would not have made a distinction between women with children and women without children. It is apparent from the statute that its purpose is to give assistance to the surviving members of the family, not assistance to women as a disadvantaged group.[6] In effect, however, it discounts a female worker's

---

[5] ORS 656.226 was enacted as Oregon Laws 1927, chapter 414, and is found presently in substantially the language in which it was originally enacted. *Thomas v. SAIF,* 8 Or App 414, 495 P2d 46 (1972). It is unlikely that the 1927 legislature was concerned about remedying economic discrimination against women when this statute was promulgated. It is more likely that the disparate treatment was based on traditional notions of women's dependency.

[6] In *Kempf v. SAIF,* 34 Or App 877, 580 P2d 1032, *rev den* 284 Or 521 (1978), this court suggested that the legislature intended to give benefits to a surviving *partner* of a substantial relationship (one of at least one-year duration which produced a child) rather than to a surviving *partner* of a casual relationship because this partner was more likely to be financially dependent than the surviving partner of a casual relationship. *Kempf v. SAIF, supra,* 34 Or App at 880. We will not assume that we determined in *Kempf* that the legislature was recognizing the "dependency" of surviving *women,* rather than surviving *partners,* as this assumption of female dependency has been classified by the United States Supreme Court as "an archaic and overbroad generalization." *See Califano v. Goldfarb, supra,* 430 US at 217.

contribution to her family and deprives her family of benefits when those same benefits would be available to the family of a male worker.

This denigration of a female worker's contribution to her family is not benign. Furthermore, ORS 656.226 provides a gender-based distinction which has no relationship to the purpose of the legislation. This is analogous to the nonremedial purpose and denigratory impact of the statute found invalid in *Weinberger.* We can find no meaningful distinction between *Weinberger* and the case at hand. In *Weinberger,* the Supreme Court found that the section of the Social Security Act, 42 USC § 402(g), which created survivor benefits for a widowed mother and the couple's minor children in her care, but which denied a widower-father benefits, violated the right to equal protection. The Act discriminated against female wage-earners and the distinction was based on an "archaic and overbroad" generalization that male workers' earnings were vital to support the family while female workers' earnings were not. The Court determined that the purpose of the Act was not premised on any special disadvantages of women. Its purpose was to provide children deprived of a parent with the personal attention of the other. It was meant to assist the family. The gender-based distinction was, therefore, irrational. The Court reasoned in *Weinberger,* 420 US at 651-652:

"The classification discriminates among surviving children solely on the basis of the sex of the surviving parent. Even in the typical family hypothesized * * * in which the husband is supporting the family and the mother is caring for the children, this result makes no sense. The fact that a man is working while there is a wife at home does not mean that he would, or should be required to, continue to work if his wife dies. It is no less important for a child to be cared for by its sole surviving parent when that parent is male rather than female. And a father, no less than a mother, has a constitutionally protected right to the 'companionship, care, custody and management' of 'the children he has sired and raised, [which] undeniably warrants deference and, absent a powerful countervailing interest, protection.' *Stanley v. Illinois,*405 US 645, 651, 31 L Ed 2d 551, 92 S Ct 1208 (1972). Further, to the extent that women who work when they have sole responsibility for

children encounter special problems, it would seem that men with sole responsibility for children will encounter the same child care related problems."

We hold that the disparate treatment afforded unmarried fathers by ORS 656.226 does not have a close and substantial relationship, or any relationship, to a legitimate governmental objective in the workers' compensation law. The statute, therefore, is unconstitutional insofar as it discriminates against unmarried fathers on the basis of sex.

We reverse the Board and remand with instructions to order respondent to accept petitioner's claim and to make payments to petitioner which he would have been qualified to receive but for the unconstitutional discrimination contained in ORS 656.226.