Argued and submitted May 9, affirmed June 19, 2002

In the Matter of the Compensation of
Vernon T. Smith, Deceased.

Willa ALLEN,
*Petitioner,*

*v.*

PAULA INSURANCE
and Portable Rock Production Co., Inc.,
*Respondents.*

99-00865; A112904

48 P3d 858

Robert D. Carlson argued the cause for petitioner. With him on the brief was Kryger, Alexander, Egan & Elmer, P.C.

David P. Levine argued the cause for respondents. On the brief were Richard D. Barber, Jr., and Sheridan, Bronstein & Levine.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Claimant seeks judicial review of a final order of the Workers' Compensation Board (board) upholding employer's denial of survivor's benefits. We affirm.

The relevant facts are not in dispute. Claimant and Vernon Smith lived together for approximately 15 years. They were never married to each other. In 1986, the six-year-old son of claimant's second cousin began living with claimant and Smith. Claimant adopted the boy the following year. Smith did not.

In 1998, Smith died as a result of injuries sustained in an employment-related accident. Claimant filed a claim for survivor's benefits. Employer accepted the fatality as work-related, but it denied the claim for survivor's benefits. The board upheld the denial. According to the board, under ORS 656.226, survivor's benefits are available only when a man and a woman cohabit as husband and wife for the requisite period of time "and children are living as a result of that relation." In this case, the board held, there are no children "living as a result of that relation" between claimant and Smith; therefore, the board concluded, claimant is not entitled to benefits under that statute.

On review, claimant argues that the board erred in concluding that there are no "children living as a result of that relation" between her and Smith. According to claimant, the child that she adopted qualifies. Employer argues that we already have determined that the statute applies only to children who are born of the relationship between the claimant and the worker. Employer is correct.

ORS 656.226 provides:

"In case an unmarried man and an unmarried woman have cohabited in this state as husband and wife for over one year prior to the date of an accidental injury received by one or the other as a subject worker, and children are living as a result of that relation, the surviving cohabitant and the children are entitled to compensation under this chapter the same as if the man and woman had been legally married."

In *Thomas v. SAIF*, 8 Or App 414, 417-18, 495 P2d 46 (1972), we addressed the history and intended meaning of an earlier version of that statute in the following terms:

> "An examination of the legislative history of ORS 656.226 shows that this statute was first enacted as Oregon Laws 1927, ch 414, and that it has continued in force down to the present date in substantially the identical language in which it was originally enacted. The statute is narrowly drawn and purports to give death benefits only to those women who have cohabited in Oregon with a workman for at least one year prior to his death, *and who have given birth to children who are now living*."

(Emphasis added.) *See also Kempf v. SAIF*, 34 Or App 877, 882, 580 P2d 1032, *rev den* 284 Or 521 (1978) ("[a] claimant who satisfies the requirements of cohabitation for more than a year *plus* having living children" is entitled to survivor benefits under ORS 656.226) (emphasis added). The statute was amended in 1983 to change gender references. Or Laws 1983, ch 816, § 4. In all other respects, the statute's wording is unchanged.

Claimant does not dispute that we previously have interpreted ORS 656.226 to apply only when the claimant and the worker have given birth to children living at the time of the claim. She argues that *Thomas* and *Kempf* simply are incorrect.

She begins by arguing that those cases neglected to consider the fact that the workers' compensation statutes define a "child" of an injured worker to include "a child toward whom the worker stands in loco parentis." ORS 656.005(5). That definition of "child," however, is beside the point. ORS 656.226 does not condition an award of survivor benefits merely upon the existence of a "child," but, rather, upon the existence of a child who is "living as a result of that relation" between the claimant and the worker. Claimant's proposed interpretation of the statute neglects to provide any meaning to that qualifying phrase. *See* ORS 174.010 (court's function in construing a statute "is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted").

Claimant insists that *Thomas* and *Kempf* safely may be discarded as decisions "from a generation ago" that are "unnecessarily harsh" and "ignore[ ] realities under which we live" today. Our role in the construction of statutes, however, is not to reshape their wording to meet what we perceive to be the changing needs of contemporary society. It is to ascertain what the legislatures that enacted them intended them to mean and no more. *See generally PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993) (court's function is to ascertain the intent of the enacting legislature); *Monaco v. U.S. Fidelity & Guar.*, 275 Or 183, 188, 550 P2d 422 (1976) (court cannot alter wording of statute "so as to better serve what the court feels was, or should have been, the legislature's intent").

At the very least, claimant argues, *Thomas* and *Kempf* are incorrect to the extent that they construe the statute not to apply to adopted children. We need not address that issue, however. ORS 656.226 applies only when there are children "living as a result of that relation" between the claimant and the deceased worker. In this case, only claimant adopted the child; Smith did not. Claimant does not explain—and we do not understand—how a child who has been adopted only by claimant is a child who is "living as a result of [her] relation" with Smith.

Affirmed.